394 So.2d 1073 (1981)
Debra Ann BRADY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-521.
District Court of Appeal of Florida, Fourth District.
March 4, 1981.
*1074 Richard L. Jorandby, Public Defender, and Rendell Brown of Brown & Green, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark Horn, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
At issue is whether the trial court erred in determining that the appellant lacked standing to seek the suppression of evidence discovered by police in an apartment in which she was an overnight guest.
Ms. Brady was charged with burglary and grand theft. Subsequently, she filed a motion to suppress certain physical evidence seized at the apartment of a male friend of hers where she was spending the night. After the denial of her motion to suppress she entered a plea of nolo contendere to petit theft while reserving her right to appeal the court's action on her motion to suppress.
Ms. Brady was the only witness to testify at the suppression hearing. She testified that she had moved out of her own apartment the day prior to her arrest. Between 3:30 a.m. and 4:00 a.m. on the day of her arrest, she arrived at the motel apartment of a friend with all of her belongings. She had visited at this friend's apartment the day previous, and had also stayed at the apartment on other occasions. Because she had no funds, she felt that she would have remained at the friend's apartment a second night if she had not been arrested. The police arrived at about 5:00 a.m. or shortly thereafter, at which time she was in bed, asleep. She paid no rent for staying at the apartment. On these facts, the trial court held that Ms. Brady had no standing to challenge the alleged illegal entry and search of her friend's apartment, and the seizure therein of items in her possession, which the state wishes to use as evidence against her.
In recent decisions, the United States Supreme Court has held that only those persons who have a reasonable expectation of privacy in the premises have standing to challenge an alleged illegal entry and search of those premises. Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). In so ruling, the court has adopted the analysis of the concept of reasonable expectation of privacy set out in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), as a means of defining the scope of the privacy interest protected by the Fourth Amendment.
In Rakas, supra, the decision in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) was overruled to the extent it extended standing to any person legitimately on the premises. However, the court went to great lengths to point out that it agreed with its earlier ruling that the defendant in Jones, an overnight houseguest, did have a legitimate expectation of privacy in the searched premises. The premises searched in Jones was an apartment leased by a friend of Jones, who had given Jones a key. Jones had a suit and shirt at the apartment and had slept there a night, but his home and other belongings were elsewhere. At the time of the search, Jones was the only occupant of the apartment, the friend being away for several days.
*1075 In Rakas, supra, the court stated:
We do not question the conclusion in Jones that the defendant in that case suffered a violation of his personal Fourth Amendment rights if the search in question were unlawful.
We think that Jones on its facts stands for the unremarkable proposition that a person can have a legally sufficient interest in a place other than his own home so that the Fourth Amendment protects him from unreasonable governmental intrusion into that place... .
... Viewed in this manner, the holding in Jones can best be explained by the fact that Jones had a legitimate expectation of privacy in the premises he was using and therefore could claim the protection of the Fourth Amendment with respect to a governmental invasion of those premises, even though his "interest" in those premises might not have been a recognized property interest at common law.
439 U.S. at 141-143, 99 S.Ct. at 429. We believe the facts here are sufficiently similar to Jones to require the same result.
Brady was not only an overnight houseguest; she had moved all of her belongings into the apartment and expected to remain since she had no money, and had previously been allowed to stay in the apartment. Unlike Jones, Brady had no home elsewhere. Under these circumstances, we believe she had a reasonable expectation of privacy in the premises that she was, in effect, sharing with her friend. Having such a privacy interest, she is entitled to challenge any illegal entry and search of the premises.
Accordingly, this cause is hereby reversed and remanded for further proceedings consistent herewith.
MOORE and GLICKSTEIN, JJ., concur.