DANIEL S. PEARSON, Judge.
We affirm the trial court’s order suppressing certain evidence obtained by the police as a result of a concededly unauthorized invasion of Barrowclough’s residence upon a holding that (1) an individual, as Barrowclough, who lawfully possesses or controls the premises searched has an expectation of privacy in the premises,[1] Man- *48 cusí v. DeForte, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960),[2] even though he is absent from the premises when the search occurs, see Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); (2) this legitimate expectation of privacy in the premises does not evaporate merely because the right to exclude others, the very heart of any legitimate expectation of privacy in premises, Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Norman v. State, 379 So.2d 643 (Fla.1980), is a shared right, Mancusi v. DeForte, supra; State v. Parker, 399 So.2d 24 (Fla. 3d DCA 1981); Steeber v. United States, 198 F.2d 615 (10th Cir. 1952); United States v. Gomez, 495 F.Supp. 992 (S.D.N.Y.1979), aff’d on other grounds, 633 F.2d 999 (2d Cir. 1980), cert. denied, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 194 (1981); and (3) therefore, the fact that Bar-rowclough left his residence for a twenty-four-hour period in the control of another person does not mean, as the State solely contends, that Barrowclough relinquished his legitimate expectation of privacy with regard to his residence, notwithstanding that the person in control could and did allow others to enter the premises, since, as the State admits, no such permission to enter was given by anyone to the police.[3]
Affirmed.

. In this respect, we disapprove of the statement in Coster v. State, 392 So.2d 16 (Fla. 3d DCA 1980), that “even though there was evidence that [Coster] owned the house” and occupied the house searched, he was required by United States v. Salvucci, 4-48 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), to otherwise establish an expectation of privacy in the premises. *48 As Judge Schwartz’s dissenting opinion in Coster notes, Salvucci has not the slightest thing to do with a homeowner’s expectation of privacy.

. As the Supreme Court noted in Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), Jones not only had permission to use the apartment of his friend, but had a key to the apartment with which he admitted himself on the day of the search and kept possessions in the apartment. Except with respect to his friend, Jones had complete dominion and control over the apartment and could exclude others from it.
“Jones on its facts merely stands for the unremarkable proposition that a person can have a legally sufficient interest in a place other than his own home so that the Fourth Amendment protects him from unreasonable governmental intrusion into that place.” Id. at 141^2, 99 S.Ct. at 429-30.
This aspect of Jones v. United States is totally unaffected by the overruling in Salvucci of Jones’ separate automatic standing rule.

. As one commentator has noted, the very contention made by the State here would produce “the bizarre result that if the facts would support a third party consent, then, even when no such consent has been given at all ..., the defendant lacks standing to object to a Fourth Amendment violation into the privacy of his personal effects.” 3 W. LaFave, Search & Seizure § 11.3(f) (1978 & Supp.1980).