427 So.2d 211 (1983)
The STATE of Florida, Appellant,
v.
Robert Daniel LEAVITT and Hector Ortega, Appellees.
No. 81-2466.
District Court of Appeal of Florida, Third District.
February 8, 1983.
Rehearing Denied March 21, 1983.
Jim Smith, Atty. Gen., and Jack Ludin, Asst. Atty. Gen., for appellant.
Horton, Perse & Ginsberg and Arnold Ginsberg, Miami, Colodny & Fass, North Miami, P.A., and Bruce Fleisher, Coral Gables, for appellees.
Before BARKDULL, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
The State appeals from a trial court order granting the defendants' motions to suppress. For the reasons which follow we affirm in part and reverse in part.
We find no error in the trial court's granting defendant Hector Ortega's motion to suppress. See State v. Ramos, 405 So.2d 1001 (Fla. 3d DCA 1981).
We take a different view with respect to the defendant Robert Leavitt, who the trial court found had standing to raise a fourth amendment violation.
Leavitt acknowledged that he was part of the ongoing Quaalude distribution operation which had as its base the residence owned by Ortega. Leavitt further testified at the motion to suppress that he had a possessory interest in the contraband Quaaludes found secreted in the closets and garage of the residence. Other than an acknowledgment of his participation in the scheme to distribute the Quaaludes and his joint possessory interest in the contraband, Leavitt furnished no evidence that he had an expectation of privacy in the residence. He had no key to the residence, stored no personal possessions at the residence other than the contraband in question, established no ability to control the ingress and egress of others, nor did he have the ability to come onto the property at any time that he wished.
*212 If we have not made it sufficiently clear before, we hold today that an acknowledgment of a possessory interest in contraband coupled with an admitted participation in a scheme to distribute it, absent other factors, does not constitute standing to litigate fourth amendment rights. See United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Norman v. State, 379 So.2d 643 (Fla. 1980); see also Coster v. State, 392 So.2d 16 (Fla. 3d DCA 1980) (Schwartz, J., dissenting on other grounds).[1]
For the foregoing reasons we affirm the trial court's order granting defendant Ortega's motion to suppress, reverse with respect to the defendant Leavitt and remand for further proceedings consistent with the views expressed herein.
Affirmed in part, reversed in part and remanded.
NOTES
[1] We join Judge Daniel Pearson and Judge Schwartz in disapproving of the statement in Coster that "even though there was evidence that [Coster] owned the house" and occupied the house searched he was required by Salvucci to otherwise establish an expectation of privacy in the premises. See State v. Barrowclough, 416 So.2d 47, 47 n. 1 (Fla. 3d DCA 1982).