433 So.2d 644 (1983)
Leo L. WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2144.
District Court of Appeal of Florida, Second District.
June 24, 1983.
Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Leo L. Walker entered a plea of nolo contendere to grand theft after reserving his right to appeal the trial court's denial of his motion to suppress certain evidence seized from his private bedroom without a warrant and without any exception to the warrant requirement. We agree with the trial judge in that "this is a close case," but disagree with his ruling and reverse.
Walker had sublet a bedroom from a Michael Manion who was the lessee of a home located on Spurling Court in Collier County. Walker was the only occupant and had sole possession and use of the room.
In the early morning hours of January 7, 1982, two Collier sheriff deputies responded to a report of an attempted theft of an automobile water pump. When the deputies reached the scene, the complainant advised *645 them that the alleged perpetrator had already left the area prior to their arrival.[1]
During the initial appraisal of the crime scene, the deputies noticed what they characterized as "fresh human foot tracks" in and about the area. Apparently during the attempt to remove the water pump, a large amount of water was dislodged permitting the imprints to be made. One of the deputies testified at the suppression hearing that the officers followed the tracks from the site to the Spurling Court address wherein defendant lived. Upon knocking on the door to the residence, the deputies observed an unidentified person sleeping on the couch. This person answered the deputies' entreaties. At this point, that individual was advised of the reasons for the presence of the deputies. He explained that the house was not his but, shortly thereafter, the renter, Michael Manion, appeared and after being informed of the reason for the deputies' presence, Manion permitted entry into the home by the deputies. Manion was asked if anyone else was residing there, to which Manion affirmatively replied, and when the deputies asked for directions to Walker's room, Manion answered "back here." The deputies then followed Manion to Walker's bedroom in the rear of the residence. Manion opened the door to Walker's bedroom and Walker was observed lying in bed with wet hair. The deputies then entered Walker's bedroom at which time they noticed wet clothing draped over the foot of Walker's bed. They also observed at the foot of his bed wet shoes with fresh dirt on them. They further found sand on Walker's trousers. At that point, Walker was awakened, informed of his rights pursuant to Miranda v. Arizona,[2] taken outside to the police cruiser, searched and then formally placed under arrest.
During the suppression hearing, Walker established that he had been living at the Spurling Court address for approximately three months prior to the arrest. He had sole use and right of occupancy to the room. No one, not even Manion, had permission to enter his room. He therefore had a reasonable expectation of privacy and legal standing within the contemplation of United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); State v. Mallory, 409 So.2d 1222 (Fla. 2d DCA), petition for review denied, 418 So.2d 1280 (Fla. 1982); Brady v. State, 394 So.2d 1073 (Fla. 4th DCA 1981).
Once Walker established he had standing and that a warrantless intrusion into his room had occurred which, in turn, resulted in a warrantless arrest, search and seizure, the burden shifted to the state to demonstrate that the police officers had acted within a recognized exception to section 901.19(1), Florida Statutes (1981), or that there were exigent circumstances to obviate compliance with that section. Johnson v. State, 411 So.2d 346 (Fla. 2d DCA 1982). The state failed in carrying this burden despite the hint that the entry into the residence was made pursuant to "hot pursuit." The record reflects no evidence whatsoever to demonstrate hot pursuit. No doubt, with Manion's consent, the officers had the right to be in the premises, but when they entered Walker's private room, they made a warrantless, nonconsensual entry without probable cause to believe that Walker was in any way involved and thus without a warrant in these circumstances, the search and subsequent arrest were illegal. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).
Walker's arrest being unlawful, all that flowed therefrom was unlawfully gained, and any evidence developed as a result thereof is inadmissible. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981). The motion to suppress should have been granted and failure to do so was error.
REVERSED and REMANDED with instructions to the trial court to grant Walker's *646 motion to suppress and for further proceedings consistent with this opinion.
SCHEB, A.C.J., and DANAHY, J., concur.
NOTES
[1] The victim of the alleged crime also was never able to identify Walker as the perpetrator of the attempted theft.
[2] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).