453 So.2d 445 (1984)
Ysidro Y. DeLaPAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1690.
District Court of Appeal of Florida, Fourth District.
July 11, 1984.
Rehearing Denied August 15, 1984.
Kenneth E. Padgett, Jr., Vero Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Lydia M. Valenti and Richard G. Bartmon, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
DeLaPaz was convicted of possession of cannabis in an amount exceeding 20 grams, sentenced to five years imprisonment and fined $5,000 under section 775.0835, Florida Statutes (1983). On appeal he argues, inter alia, that the trial court erred in denying his motion to suppress because the affidavit supporting the search warrant was facially insufficient to establish probable cause. We disagree.
DeLaPaz was arrested together with codefendants Charles Zaffarese and Guy Brown after police executed a search warrant at the Brown residence and seized over 100 pounds of marijuana from neighboring land. The affidavit supporting the warrant was signed by a police officer who stated that the source of his information was a confidential informer who has provided reliable information to him on eight previous occasions. The informer said Guy Brown told him he is currently in possession of 300 pounds of marijuana, and offered to sell marijuana to him. There is no indication that the informer's allegations were corroborated in any way by the affiant.
As a preliminary matter, we reject the state's contention that DeLaPaz has no standing to challenge the validity of the warrant authorizing the search of Guy *446 Brown's home. DeLaPaz's unrebutted testimony was that he had been residing at the Brown home for two to three months prior to the arrest in a room provided for his exclusive use where he stored personal belongings. Such evidence sufficiently demonstrated his privacy interest in the Brown home for purposes of establishing standing to challenge the warrant. See Walker v. State, 433 So.2d 644 (Fla. 2d DCA 1983); State v. Leavitt, 427 So.2d 211 (Fla. 3d DCA 1983). We do not think a different result is required by the fact that DeLaPaz stayed at the Brown home only one to three days a week and lived with siblings on other days during the time period in question. See Walker, supra; Shade v. State, 400 So.2d 850 (Fla. 1st DCA 1981); cf. State v. Mallory, 409 So.2d 1222 (Fla. 2d DCA), petition for rev. denied, 418 So.2d 1280 (Fla. 1982). Thus, we conclude that DeLaPaz has standing to challenge the validity of the warrant authorizing the search of the Brown home.
On the merits, we find that the facts stated in the supporting affidavit sufficiently established probable cause. Traditionally, the sufficiency of a supporting affidavit was tested by inquiring into whether the affidavit detailed facts showing (1) the informer's reliability, and (2) the basis for the informer's conclusions. See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Recently, however, the United States Supreme Court abandoned the two prong Aguilar-Spinelli test and adopted a "totality of circumstances" approach to probable cause. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under Gates, the two factors of the Aguilar test remain relevant considerations, but it is no longer necessary to make an independent showing on both prongs of the test; rather:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of reviewing courts is simply to ensure that the magistrate had a `substantial basis for ... conclud[ing]' that probable cause existed.

Gates, 103 S.Ct. at 2332.
In applying the more liberal Gates test to the case at bar, we conclude that the affidavit was sufficient to support the search warrant. The facts set forth in the affidavit are clearly sufficient to demonstrate the reliability of the informant, as it is alleged that the informer provided reliable information to the affiant police officer in eight previous occasions, resulting in six arrests and prosecutions. Although the affidavit does not show that the allegations of the informer were verified by the affiant, we think the affidavit satisfies the Gates "totality of the circumstances" test for probable cause. In reaching that conclusion, we observe that the informer alleged that Brown not only offered to sell him marijuana, but also allegedly stated that the contraband was presently stored at his residence. We find that such allegations provided the issuing magistrate with a "substantial basis" for concluding that there existed a fair probability that marijuana would be found at Brown's home. Cf. State v. VanWinkle, 444 So.2d 1005 (Fla. 5th 1984) [9 FLW 167]. But see Milete v. State, 439 So.2d 337 (Fla. 3d DCA 1983); Wallace v. State, 442 So.2d 1066 (Fla. 1st DCA 1983). Accordingly, we affirm the trial court's denial of DeLaPaz's motion to suppress.[1]
We have reviewed the other alleged errors argued in this appeal and find them meritless. The conviction and sentence are therefore affirmed.
However, we strike the $5,000 fine imposed against DeLaPaz under section 775.0835, Florida Statutes (1983), because that statute authorizes a fine only where a person *447 is convicted of a crime resulting in death or injury to another person. See Moore v. State, 422 So.2d 1069 (Fla. 2d DCA 1982). We are nonetheless cognizant that a $5,000 fine would have been authorized under section 775.083(1)(c), and therefore remand this case to the trial court for resentencing in order to provide it with an opportunity to impose a fine against DeLaPaz under the appropriate statutory authority.
AFFIRMED IN PART; REVERSED IN PART.
HURLEY and WALDEN, JJ., and NORRIS, WILLIAM A., JR., Associate Judge, concur.
NOTES
[1] Subsequent to the preparation of this opinion, the United States Supreme Court announced its decision in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), which provides additional support for an affirmance.