526 So.2d 1052 (1988)
Arthur Joseph NOEL, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-3004.
District Court of Appeal of Florida, Third District.
June 21, 1988.
Bennett H. Brummer, Public Defender, and Milton Hirsch, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before NESBITT, PEARSON, DANIEL S., and JORGENSON, JJ.
PER CURIAM.
Arthur Noel appeals his conviction for manslaughter which was based on a plea of nolo contendere entered after the trial court had denied his motion to suppress evidence obtained during a search of the victim's apartment. We affirm.
After failing to appear for work for two days, the victim was reported missing by friends concerned for his safety. Officer Bernard Fowler of the Miami Police Department was dispatched to the victim's apartment to investigate. When no one answered the door at the residence, Officer Fowler opened the unlocked door and looked inside. Without entering the premises, he could see the victim's body lying on the floor. He called for assistance. Homicide detectives and ID technicians arrived at the scene and conducted an investigation without first obtaining a search warrant. Based solely on evidence obtained during the search, Noel was charged with second-degree murder. His motion to suppress all evidence obtained during the search of the apartment, including the victim's body, was denied for lack of standing. Noel subsequently entered a plea of no contest to a reduced charge of manslaughter specifically reserving the right to appeal the ruling on the motion. The defendant was sentenced to six years in prison.
*1053 In a sworn statement made to the police after his arrest, Noel explained that he had known the victim for approximately three weeks prior to his death. From time to time during those three weeks, Noel performed homosexual acts with the victim in return for money. Although Noel kept a change of clothes at the apartment, the victim never asked the defendant to move in with him. Noel occasionally stayed with the victim at the apartment, but was never given a key nor permitted to enter or remain in the apartment by himself.
Noel further revealed that his last contact with the victim occurred at the apartment. The defendant was attempting to collect money allegedly owed him. The two men argued; a struggle ensued; the victim was stabbed. Noel fled from the apartment to a nearby motel where he was staying with another man.
Noel contends that the evidence obtained during the officer's search of the apartment is the fruit of an illegal search and should be suppressed. However, before challenging the validity of a search, a defendant must have a reasonable expectation of privacy in the area searched. United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).
As noted in his sworn statement, Noel was not residing with the victim. In fact, his only possessory interest in the victim's apartment was his storage there of a change of clothing. This interest is insufficient to establish the required reasonable expectation of privacy necessary to challenge the search. Compare State v. Leavitt, 427 So.2d 211 (Fla. 3d DCA 1983) (possessory interest in contraband insufficient to establish standing to contest search where defendant did not store any personal possessions at residence, did not have key to residence, and did not have ability to control ingress or egress of others) with DeLaPaz v. State, 453 So.2d 445 (Fla. 4th DCA 1984) (defendant had standing to challenge search of home in which he had resided for two to three months prior to the arrest in a room provided for his exclusive use where he stored personal belongings). Noel was simply an occasional visitor to the home of the victim. As such, he could assert a reasonable expectation of privacy in the home only if he was present at the time of the search. See State v. Suco, 502 So.2d 446 (Fla. 3d DCA 1986), affirmed, 521 So.2d 1100 (Fla. 1988). Because he failed to prove that he had a reasonable expectation of privacy in the apartment, and because he was not present when the police performed the investigative search, he lacks standing to challenge the search.
Accordingly, the conviction is affirmed.