780 So.2d 151 (2000)
Arseles MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1773.
District Court of Appeal of Florida, Second District.
December 29, 2000.
Victor D. Martinez, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Arseles Miller appeals his judgment and sentence for possession of cannabis and possession of cocaine. Miller contended in his motion to suppress the evidence that the confidential informant (C.I.) used by the investigating officers was not reliable and that the facts known at the time of his arrest by the officers did not justify a stop and search of his vehicle and person. Although the case was tried by a jury and a guilty verdict rendered, we determine that the order denying suppression of the evidence was dispositive and reverse.
The C.I. in this case had never been used by the investigating officers before. He was arrested earlier on the day of these events and, after giving information concerning his drug supplier, was released. By arrangement with the officers, the C.I. used a pay phone to call a pager number that he said belonged to his supplier. The call was returned, and the C.I. stated to the officers that a man named Rolo would arrive at an agreed location to sell him drugs in about fifteen minutes. Neither the pager number nor the call-back number was obtained by the officers. The C.I. told the officers where Rolo lived, that he would be driving a maroon Buick with a tan top, and there would be drugs under the seat on the driver's side of the car.
The officers set up surveillance outside Miller's apartment. The officers already had information about Miller, knew he was known as Rolo on the street, and knew where his apartment was located. Approximately fifteen minutes after the phone call, Miller and another man left the apartment and drove away in a maroon Buick with a tan top. However, they did not go to the expected meeting point; instead, they went to pick up lunch at a restaurant. Miller then drove toward the described meeting place but was stopped approximately one and one half blocks away. The meeting place, the restaurant where Miller picked up lunch, and his apartment complex were all within a one-mile radius. Miller was immediately ordered *152 out of the car and searched. He did not consent to the search of his person or the automobile. Drugs were found on his person and under the driver's seat.
In Everette v. State, 736 So.2d 726 (Fla. 2d DCA 1999), this court held:
We must first consider whether the initial stop was within constitutional limits. To determine whether information from a confidential informant gives rise to probable cause a court must look at the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Butler, 655 So.2d 1123 (Fla.1995). Using this analysis, the court must measure the confidential informant's veracity as well as the basis of the C.I.'s knowledge. Veracity can be established by proof that the C.I. has provided reliable information in the past or has provided detailed and verifiable information on the occasion in question.
736 So.2d at 727.
The information given by the C.I. was not sufficiently reliable so as to provide the officers with the reasonable suspicion needed for a Terry[1] stop nor the probable cause required to search Miller or his vehicle. See Dozier v. State, 766 So.2d 1105 (Fla. 2d DCA 2000). The motion to suppress should have been granted.
Reversed.
NORTHCUTT, A.C.J., and GREEN, J., and CARLIN, SCOTT, Associate Judge, concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).