786 So.2d 1220 (2001)
James A. ROMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2235.
District Court of Appeal of Florida, Fourth District.
June 6, 2001.
Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
*1221 Robert A. Butterworth, Attorney General, Tallahassee, and Alison B. Cutler, Assistant Attorney General, Fort Lauderdale, for appellee.
DAMOORGIAN, DORIAN K., Associate Judge.
Appellant, James Roman, appeals from a sentence of sixty-nine (69) months imprisonment that was entered pursuant to his nolo contendere plea for trafficking in cocaine. Appellant reserved the right to appeal the trial court's decision denying his motion to suppress certain evidence on the ground that the evidence was obtained from an unreliable confidential informant.
At the hearing on appellant's motion to suppress, Agent Donald Voiret testified that he received information from a confidential informant that between 10:30 and 11 p.m. on that evening, a person named "Jimmy" (later identified as appellant) would deliver three ounces of cocaine to 3609 Gulfstream Road. The informant told police that appellant would be a passenger in a cream colored Lincoln Town Car to be driven by his girlfriend. Agent Voiret listened to the informant ask appellant over the telephone if appellant could deliver the three ounces of cocaine to the Gulfstream address. The informant had engaged in previous dealings with appellant in the past.
Agent Voiret admitted that the confidential informant had never provided information as a confidential informant in the past. He also admitted that the informant gave a description of three possible cars that might arrive at the address, although the Town Car was the "primary vehicle." Finally, prior to the Town Car arriving at the scene, police stopped a red Mustang that had parked in the driveway at 3609 Gulfstream Road. Later, Agent Joaquin Fonseca explained that the red Mustang was stopped because appellant told the informant by telephone that he was pulling into the address, however, appellant was parking at the wrong address which, coincidentally, happened to be at the same time that the red Mustang was parking at the 3609 address. Thereafter, the informant directed appellant to the 3609 address.
Appellant argued that the confidential informant was not reliable because he had never before been used as a source, the wrong person (the one in the red Mustang) was initially stopped, and the phone number from where appellant was calling was never obtained. The trial court ruled that despite the fact that the informant had not previously supplied detailed information, "he gave them reason to stop the suspect" in this case. The trial court found that the stop was legal under the totality of the circumstances.
"The ruling of the trial court on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the reviewing court will interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000). While this court is "required to accept the trial court's determination of the historical facts leading to the search, a defendant is entitled to a de novo review of whether the application of the law to the historical facts establishes an adequate basis for the trial court's finding of probable cause." Id. at 77; (citing Ornelas v. United States, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)).
The outcome of this case is controlled by the Florida Supreme Court's decision in State v. Butler, 655 So.2d 1123 (Fla.1995), where the court adopted the "totality of the circumstances" test set *1222 forth by the U.S. Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), in determining whether information from a confidential informant gives rise to probable cause. See Everette v. State, 736 So.2d 726 (Fla. 2d DCA 1999). Under this test, the informant's reliability and basis of knowledge are merely "relevant considerations." Gates, 462 U.S. at 238-39, 103 S.Ct. 2317; Butler, 655 So.2d at 1128.
In Gayle v. State, 712 So.2d 846 (Fla. 4th DCA 1998), this court applied the Butler test and affirmed a trial court's order denying a defendant's motion to suppress evidence obtained through the use of a confidential informant. The court determined that, "the record establishes the informant's reliability based on the reliable tips provided by the informant in the past, the details provided by the informant which indicated his personal knowledge of the situation, and the defendant's activity observed by police which verified the informant's tip." Id. at 846. See also Vandiver v. State, 779 So.2d 289 (Fla. 2d DCA 1998)(Totality of the circumstances test met where, "[a]t each step of the investigation, the officers were able to further confirm the confidential informant's story.").
In this case, the totality of the circumstances test was met. The basis of the informant's knowledge was disclosed to the police in that the officers overheard the informant's conversations with appellant. The informant was able to give the specific address where appellant would arrive, the exact amount of cocaine appellant would bring, a description of the vehicle in which appellant would be a passenger, and the time at which appellant would arrive at the scene. See Butler, 655 So.2d at 1126. ("[A] basis of knowledge could be established from the wealth of detail provided in the tip."). Finally, the confidential informant in this case had engaged in dealings with appellant in the past.
We disagree with appellant's contention that this case should be controlled by the second district's recent decision in Miller v. State, 780 So.2d 151 (Fla. 2d DCA 2000). While Miller is similar to this case in that the informant had not been used by officers in the past, it is factually different because the defendant in that case never arrived at the meeting place. In this case, the confidential informant provided a wealth of information, all of which was accurate.
The application of the totality of the circumstances test to the historical facts of this case supports the trial court's finding of probable cause. Accordingly, we affirm the trial court's decision denying appellant's motion to suppress.
POLEN and TAYLOR, JJ., concur.