932 So.2d 341 (2006)
STATE of Florida, Appellant,
v.
Miguel FLORES, Appellee.
No. 2D05-1331.
District Court of Appeal of Florida, Second District.
March 8, 2006.
*342 Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellee.
DAVIS, Judge.
The State challenges the trial court order granting Miguel Flores' motion to suppress evidence and admissions in its case against him for possession of a controlled substance within 1000 feet of a convenience store and possession of drug paraphernalia. We reverse.
The charges against Flores arose out of a controlled buy in which a confidential informant ("CI") that the police had never used before arranged to purchase crack cocaine from one of his suppliers. The CI had been arrested earlier in the day for possession of cocaine and possession of drug paraphernalia. An officer was present when the CI arranged the meeting by telephone, and the CI provided the officers with the following information: The CI was to meet a man named Chico in fifteen minutes at a particular 7-Eleven to purchase $50 worth of crack cocaine; Chico, a Hispanic male in his midtwenties, would be driving a dark-colored Nissan; Chico would arrive at the west side of the convenience store; and Chico would be alone. A car matching the description given by the CI arrived at the arranged place at the arranged time; however, there were two people in the car. Officers approached the car with guns drawn and opened the car door. As the driver exited the vehicle, officers observed him drop cocaine from his hand. The officers arrested the driver for possession of cocaine and determined that the driver was Flores.
In his motion to suppress below, Flores argued that officers did not have probable cause to arrest him because the CI's veracity and reliability had not been established prior to the arrest. In granting Flores' motion to suppress, the trial court found that since the CI was previously unknown to authorities, his reliability had not been established. Additionally, the trial court concluded that the CI's tip lacked specificity because "there was no real detail as to Chico's description such as his height, weight, or even complexion" or as to the model or year of the Nissan. The trial court determined that since the CI was not *343 previously known to the officers and the specificity and detail of the tip had not been established, the officers were without probable cause for the arrest.
As support for its conclusion that the tip was not sufficiently detailed, the trial court cited Miller v. State, 780 So.2d 151 (Fla. 2d DCA 2000), in which this court reversed the denial of a motion to suppress. In Miller, this court concluded that the tip there, which was similar to the one here, was not sufficiently reliable to provide probable cause to detain Miller. In Miller,
[t]he C.I. . . . had never been used by the investigating officers before. He was arrested earlier on the day of these events and, after giving information concerning his drug supplier, was released. By arrangement with the officers, the C.I. used a pay phone to call a pager number that he said belonged to his supplier. The call was returned, and the C.I. stated to the officers that a man named Rolo would arrive at an agreed location to sell him drugs in about fifteen minutes.... The C.I. told the officers where Rolo lived, that he would be driving a maroon Buick with a tan top, and there would be drugs under the seat on the driver's side of the car.
Id. at 151. The officers in Miller stopped the car a couple of blocks before it arrived at the agreed upon location, immediately ordered Miller out of the car, and searched him. This court concluded, "The information given by the C.I. was not sufficiently reliable so as to provide the officers with the reasonable suspicion needed for a Terry stop nor the probable cause required to search Miller or his vehicle."[1]Miller, 780 So.2d at 152. In granting the motion to suppress here, the trial court reasoned that if the tip in Miller was not sufficiently reliable to provide probable cause, the one here was not either.
When reviewing a motion to suppress, the trial court's factual findings must be affirmed if supported by competent, substantial evidence, Caso v. State, 524 So.2d 422 (Fla.1988), while the trial court's application of the law to those facts is reviewed de novo, Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
The basis of the trial court's granting of the motion to suppress was that the tip did not provide probable cause. However, that is not the issue in this case. The facts found by the trial court do not suggest that the arrest of Flores was based on the information from the CI, but rather that the arrest came after officers had stopped Flores and observed him discard cocaine. Accordingly, the issue here is whether the tip provided the reasonable suspicion needed to make the initial stop.[2] We conclude that it did.
Although a superficial reading of Miller might suggest otherwise, Miller is not controlling here. In Miller, upon stopping Miller's car, the police immediately ordered him out of the vehicle and searched him. 780 So.2d at 151-52. As such, the issue there was whether law enforcement had probable cause to stop and search Miller. Although we acknowledge that the opinion in Miller does state that the information provided by the CI "was not sufficiently reliable so as to provide the officers with the reasonable suspicion needed for a *344 Terry stop," id. at 152, that language, at best, is dicta. The facts of that case did not involve a Terry stop, but rather a stop and immediate search. Accordingly, the holding of Miller is that the tip was not sufficient to provide probable cause for a search or arrest, and that is a different issue than the issue involved in this case.
Here, the issue is whether officers had the reasonable suspicion to conduct a Terry stop. See Popple v. State, 626 So.2d 185, 186 (Fla.1993) ("The second level of police-citizen encounters involves an investigatory stop. . . . At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime."). "Whether there is reasonable suspicion for a stop depends on the totality of the circumstances." L.J.S. v. State, 905 So.2d 222, 224 (Fla. 2d DCA 2005). Although the tip here was similar to the one in Miller, our de novo review of the totality of the circumstances in this case leads us to conclude that the police did have reasonable suspicion to conduct an investigatory stop of Flores. The CI had purchased drugs from Flores previously, thus establishing the basis of his knowledge. The officer listened as the CI made arrangements to purchase $50 of cocaine from someone on the telephone. The CI provided information as to where and when the purchase would take place and what type of vehicle the supplier would be driving. The officers reported to the location given by the CI, and a vehicle matching the description given by the CI timely arrived. The totality of these circumstances supports the conclusion that the officers had the necessary reasonable suspicion to make the investigatory stop. Following that legal stop, Flores exited the vehicle and the officers saw cocaine drop out of his hand. This gave the officers the probable cause necessary to arrest him.
Accordingly, we reverse the trial court order granting Flores' motion to suppress and remand for further proceedings.
Reversed and remanded.
ALTENBERND and KELLY, JJ., Concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] The fact that the initial investigatory stop was conducted at gunpoint does not convert the stop into an arrest. See Carroll v. State, 636 So.2d 1316, 1318 (Fla.1994); State v. Hendrex, 865 So.2d 531, 535-36 (Fla. 2d DCA 2003); State v. Perera, 412 So.2d 867, 871 (Fla. 2d DCA 1982).