GERBER, J.
 

 Jawara Flowers appeals the circuit court’s denial of his motion to suppress. Following the denial, Flowers entered a no contest plea to attempted trafficking in cocaine, felony possession of cannabis, and possession of drug paraphernalia, while reserving his right to appeal. Finding no error, we affirm.
 

 A person whom the police arrested informed them that Flowers was selling drugs from his apartment. The police had no prior dealings with this informant. However, the informant said Flowers sold him drugs six times over the past two years, the last occasion being three months before when Flowers sold him two ounces of cocaine. The informant described Flowers’ apartment as “probably a two bedroom,” with Flowers going into one particular room to get the drugs. The informant also recalled seeing marijuana in the refrigerator one time.
 

 The informant took the police to what he represented to be Flowers’ apartment. The police did not surveil the apartment or observe Flowers enter or exit. Two vehicles which the informant described as Flowers’ were not at the apartment. However, the police confirmed that the apartment’s address matched Flowers’ driver’s license, and that two vehicles fitting the informant’s description were registered to Flowers.
 

 The police decided to set up a controlled buy. The informant made a series of phone calls to Flowers. During the first three calls, which the police recorded, Flowers told the informant he probably could meet the next day. During a fourth call, which the police did not record or monitor, the informant allegedly arranged to buy two ounces of cocaine from Flowers for what the informant assumed would be $2,000 based on the last buy. Flowers allegedly told the informant that he would be leaving town the next day and there would be only a few minutes for them to meet.
 

 The next day, during a call which the police recorded, the informant told Flowers to meet him at a grocery store parking lot near Flowers’ apartment. At the designated time, Flowers arrived at the parking lot in a vehicle which the informant had identified. During another call which
 
 *888
 
 the police recorded, the informant told Flowers that he was inside the grocery store and would come out shortly. Flowers replied that he had to go to the ATM anyway. After Flowers parked and exited his vehicle, the police seized him. The police then brought over a K-9 which alerted on the vehicle. The police found eighty-seven grams of cocaine in the center console.
 

 The police then took the K-9 to Flowers’ apartment and ran it through the hallway. The K-9 alerted on Flowers’ door. The police applied for a search warrant for the apartment based upon an affidavit documenting the informant’s contacts with Flowers, the results of the vehicle search, and the K-9’s alert in the hallway. The circuit court signed the warrant. When the police executed the warrant, they found cannabis and drug paraphernalia in the apartment.
 

 The State charged Flowers with attempted trafficking in cocaine, felony possession of cannabis, and possession of drug paraphernalia. Flowers moved to suppress the cocaine. He contended that the police did not have reasonable suspicion or probable cause to seize him because they did not record or corroborate the first-time informant’s alleged conversation setting up the transaction. He further argued that the information was stale because the informant’s most recent interaction with him was three months prior. Flowers also moved to suppress the cannabis and paraphernalia. He contended that the affidavit which the police submitted to obtain the search warrant did not inform the circuit court that they based their arrest and vehicle search upon a first-time informant’s unrecorded and uncorroborated conversation with Flowers. He also argued that the affidavit contained a false statement that the phone call during which the informant arranged the buy was controlled. He further alleged that the affidavit did not establish a nexus between the cocaine found in his vehicle and a search of his apartment because the police never obsexwed the vehicle at the apartment.
 

 After making very detailed findings of fact, the circuit court denied the motion. The circuit court concluded that the totality of the circumstances justified the search of Flowers’ vehicle. The circuit court reasoned that, despite the police’s lack of experience with the informant, the allegations were not stale and were corroborated. The circuit court further concluded that, based on the informant’s allegations, a sufficient nexus existed between Flowers’ vehicle and the apartment. The circuit court also noted that, even if the affidavit contained a false statement, and even if the K-9 sniff outside Flowers’ apartment was unlawful, the other allegations in the affidavit provided probable cause for the search warrant.
 

 Flowers entered a no contest plea to the charges while reserving his right to appeal the denial of the motion to suppress. This appeal followed. “In reviewing a trial court’s ruling on a motion to suppress, we are governed by the standard that ‘mixed questions of law and fact that ultimately determine constitutional rights should be reviewed ... using a two-step approach, deferring to the trial court on questions of historical fact but conducting a
 
 de novo
 
 review of the constitutional issue.’ ”
 
 State v. Bartling, 989
 
 So.2d 757, 759 (Fla. 4th DCA 2008) (citation omitted). “As to issues involving conflicts in testimony as to the facts surrounding a search, we defer to the trial court as to the credibility and reasonable inferences and deductions derived from those facts.”
 
 Id.
 
 at 760 (citation omitted).
 

 The circuit court correctly denied Flowers’ motion to suppress the cocaine. The “totality of the circumstances” test
 
 *889
 
 determines whether information from a confidential informant gives rise to probable cause and, under this test, the informant’s reliability and basis of knowledge are merely “relevant considerations.”
 
 Roman v. State,
 
 786 So.2d 1220, 1221-22 (Fla. 4th DCA 2001) (citing
 
 State v. Butler,
 
 655 So.2d 1123, 1128 (Fla.1995) and
 
 Illinois v. Gates,
 
 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Here, the police confirmed the informant’s reliability by matching the apartment address and vehicles which the informant identified to Flowers’ driver’s license and vehicle registration. The police further confirmed the informant’s reliability by observing Flowers arrive at the specific time and place at which Flowers told the informant he would arrive for another drug buy. These circumstances, coupled with the informant’s statements that he repeatedly bought drugs at Flowers’ apartment in the recent past, gave the police probable cause to seize Flowers when he arrived at the parking lot.
 
 See Roman,
 
 786 So.2d at 1222 (quoting
 
 Butler,
 
 655 So.2d at 1126) (“[A] basis of knowledge could be established from the wealth of detail provided in the tip.”);
 
 State v. Clark,
 
 986 So.2d 625, 630 (Fla. 2d DCA 2008) (police had probable cause to arrest defendant as soon as he stepped out of his vehicle because they had verified all the details “except for the final one of the commission of the crime.”) (citation omitted). Upon the K-9’s alert to Flowers’ vehicle, the police had further cause to search the vehicle, whereupon the police found eighty-seven grams of cocaine.
 

 The circuit court also correctly denied Flowers’ motion to suppress the marijuana and paraphernalia based on the alleged insufficiency of the affidavit supporting the search warrant. “[W]here the issuance of a search warrant based on a probable cause affidavit is at issue, the standard of review is not
 
 de novo,
 
 but rather a standard of ‘great deference.’ ”
 
 State v. Rabb,
 
 920 So.2d 1175, 1180 (Fla. 4th DCA 2006) (citation omitted). This standard of “great deference” is defined as follows:
 

 The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the . circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of reviewing courts is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.
 

 Id.
 
 (quoting
 
 DeLaPaz v. State,
 
 453 So.2d 445, 446 (Fla. 4th DCA 1984) and
 
 Gates,
 
 462 U.S. at 238-39, 103 S.Ct. 2317).
 

 Here, the circuit court had a substantial basis for concluding that probable cause existed. The affidavit the police submitted to obtain the search warrant for Flowers’ apartment documented the informant’s contacts with Flowers and the results of the vehicle search. Even without the false statement that the phone call setting up the buy was controlled, the affidavit’s other allegations provided the circuit court with a fair probability that the police would find contraband in Flowers’ apartment.
 

 Flowers maintains that the circuit court’s decision to issue the search warrant depended upon the K-9’s alert to his apartment door, and that such police action constitutes an unreasonable search under
 
 Rabb.
 
 In
 
 Rabb,
 
 this court found that a K-9 sniff at the exterior door of a house violated the Fourth Amendment. 920 So.2d at 1182-92. However, it is not necessary for us to determine whether
 
 Rabb
 
 applies here. We must consider “whether any independent and lawfully obtained evidence establishes a substantial basis for concluding that probable cause existed to
 
 *890
 
 support the issuance of a search war-rant_”
 
 Id.
 
 at 1187. Given the informant’s corroborated knowledge and the results of the vehicle search as contained in the affidavit, probable cause existed to support the circuit court’s issuance of a search warrant for Flowers’ apartment, regardless of the K-9 alert.
 

 Affvnned.
 

 GROSS, C.J., and DAMOORGIAN, J., concur.