604 So.2d 871 (1992)
Michael BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01369.
District Court of Appeal of Florida, Second District.
August 12, 1992.
Rehearing Denied September 21, 1992.
James Marion Moorman, Public Defender and John S. Lynch, Asst. Public Defender, Bartow, for appellant.
*872 Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Acting Chief Judge.
We have for review five issues raised by Michael Beasley, one of which is dispositive. Beasley was charged with possession of cocaine and possession of not more than twenty grams of cannabis. Beasley pled nolo contendere, reserving his right to appeal the denial of his motion to suppress, which the state stipulated was dispositive. We reverse.
At the hearing on the motion to suppress Tampa Police Officer William J. Foote testified that around 9:30 p.m. on November 10, 1990, he was on patrol with Officer Novale in a high drug area, inside the Tampa Public Housing area of College Hill. Officer Foote testified that the officers are a part of a specialty squad in that area. Pursuant to an agreement with the Tampa Housing Authority, the officers have not only normal powers to arrest but also have authority to give trespass and eviction warnings and notices. On the evening in question, the officers observed a black male walking quickly away from their direction. Officer Foote testified that the black male slipped into a vacant, abandoned apartment. The apartment was owned by the Tampa Housing Authority. The officers went past the black male to an area where they believed they would be out of the black male's sight, waited thirty seconds, and backed up, so that the black male was now heading in their direction. When he came close, the officers exited their vehicle and asked if they could talk with him. Officer Foote testified that although the officers were suspicious of Beasley due to the nature of the area and his actions, he was free to go.
Officer Foote testified that the officers did not intend to give Beasley any type of trespass warning for going into the vacant, abandoned apartment. They asked Beasley his name and the reason for his presence on the property. The officers further advised Beasley that they wanted to pat him down for weapons. Officer Foote testified that they had no reason to believe Beasley was armed with weapons other than it was a "high narcotics area and a lot of people are known to carry weapons." Due to his experience as a police officer and due to Beasley's "suspicious activities," Officer Foote "believed that he could possibly and may very well have had weapons." Beasley was free to leave up until the time of the patdown search. Officer Foote testified that after advising Beasley that he was going to pat him down, Beasley told Foote that he doesn't sell drugs and that he could search him completely.
During the patdown, Officer Foote felt something inside Beasley's left front pocket. Foote reached inside the pocket and pulled out a baggie of cocaine and a baggie of marijuana. Officer Foote testified that when he first felt the object it felt like rock cocaine. He stated that it did not feel like a .45 or a knife or a weapon; rather, due to his experience, he thought it was cocaine.
Defense counsel argued that a valid stop in and of itself does not support a patdown and the patdown here was illegal. Counsel further argued that the illegal initiation of the patdown invalidated the later purported consent. The trial court denied the motion to suppress. The court sentenced Beasley to three years and one year concurrent probation as a habitual offender. This timely appeal followed.
The officers' initial approach to Beasley was a consensual encounter. However, this consensual encounter was transformed into a stop when Officer Foote advised Beasley that he was going to pat him down. "When a reasonable person is led to believe he is not free to leave a consensual encounter is transformed into a detainment, which is a Fourth Amendment seizure." Hill v. State, 561 So.2d 1245, 1247 (Fla. 2d DCA 1990). A detention must be based upon a well-founded suspicion of criminal activity, which is not present in this case. "A frisk or patdown incident to an investigatory stop may be conducted only where the officer has probable cause to believe the person is armed with a dangerous weapon." Id. The officer here did not articulate any reason for believing that Beasley was armed with a dangerous weapon. *873 See Blue v. State, 592 So.2d 1263 (Fla. 2d DCA 1992).
Because the state and appellant have stipulated that the motion to suppress is dispositive, this case is reversed and remanded to the trial court for the discharge of appellant.
Reversed and remanded with directions.
THREADGILL and BLUE, JJ., concur.