PER CURIAM.
A juvenile defendant appeals his conviction for carrying a concealed firearm. We reverse because the trial court should have granted the defendant’s motion to suppress the gun found in his pocket.
The events leading up to the defendant’s arrest began when several officers were patrolling an area known for drug sales. One officer testified that as he drove his police car around a corner the defendant saw him, turned, walked between the residences and then began to run. The officer left his car and began to follow the defendant. The officer had not observed the defendant commit any crime and had no suspicion that he had committed or was about to commit a crime. The other officers were given a description of the defendant but were not asked to stop the defendant. The officer explained that he did this just to advise them that a person leaving an area known for drugs was heading their way.
A second officer testified that he saw the defendant running between the houses towards that officer’s car. When the defendant saw the officer, he turned around and ran back around the house. The second officer exited his car and began running behind the defendant. The officer testified that he had no information that the defendant had committed or was about to commit a crime and that he did not intend to stop the defendant. He explained that, based on his prior experiences, when he was running behind the defendant he was waiting for him to discard something that would provide founded suspicion for a stop.
During the chase, the officer observed that the defendant’s hand was inside his pocket and he appeared to be either holding his leg or holding something in his pocket. The officer ordered the defendant to take his hand out of his pocket, which he did. Because it appeared that the object had some weight to it, the officer concluded that it might be a weapon and made the decision to stop the defendant. He caught up to the defendant, grabbed him, and took him to the ground, at which point the officer could see a “shiny silver object” in the defendant’s pocket. A search revealed that the object was a gun.
The evidence established that the second officer stopped the defendant based on a suspicion that he had a weapon in his pocket. *1365 This suspicion alone does not make the stop and subsequent search for a weapon lawful. “The lawfulness of a pat down search for weapons presupposes that a stop is valid and that the officer then forms the necessary suspicion that a suspect is armed and dangerous.” Smith v. State, 592 So.2d 1206, 1208 (Fla. 2d DCA 1992). It is undisputed that neither officer had any reason to believe the defendant had committed, was committing or was about to commit a crime at the time they began chasing the defendant. The officers acknowledged that the defendant’s flight did not give rise to a founded suspicion of criminal activity. After the chase began, the fact that the object in the defendant’s pocket appeared to be heavy was not, in and of itself, sufficient to create a founded suspicion that the defendant was committing the crime of carrying a concealed weapon. Thus, there was no founded suspicion to temporarily detain the defendant pursuant to section 901.151(2), Florida Statutes (1993), and to subsequently search for weapons pursuant to subsection (5) of that statute. See Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989).
Accordingly, we reverse and remand with instructions to discharge the defendant.
FRANK, A.C.J., and PARKER and FULMER, JJ., concur.