677 So.2d 947 (1996)
STATE of Florida, Appellant,
v.
Tracy Marie CORVIN, Appellee.
No. 95-03863.
District Court of Appeal of Florida, Second District.
July 31, 1996.
*948 Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Wayne S. Melnick, Assistant Public Defender, Bartow, for Appellee.
FULMER, Judge.
The state appeals the trial court's order suppressing evidence seized following the stop of the defendant's vehicle. We reverse because the stipulated facts establish that the officer had probable cause to believe that a traffic law violation had occurred.
The defendant filed a motion to suppress all evidence obtained as a result of a traffic stop that the defendant argued was pretextual. The state and the defendant presented their arguments in writing based on the following stipulated facts. Officer Lee Birge of the Dundee Police Department stopped the defendant because he believed she was operating a vehicle without a validation sticker, a violation of section 320.07, Florida Statutes (1993). The corner of the car's license plate was bent over to the point that the officer believed the validation decal was missing. The state and the defendant further stipulated that Officer Birge routinely stops cars for tag violations and that the policy in the Dundee Police Department is to vigorously enforce all traffic laws.
Officer Birge followed the established policy of running a license check on all persons stopped. When Officer Birge learned that the defendant was operating her vehicle with her license suspended, he arrested her for driving with a suspended or revoked license. Pursuant to the arrest, a search of the vehicle was made and drugs and paraphernalia were found in the defendant's car.
The written stipulation also set forth that Officer Birge "had no reason to suspect the defendant was carrying drugs" and that Officer Birge "does not know the defendant and had heard nothing about her prior to this incident."
The trial court granted the motion to suppress based on the following findings and conclusions:
Dundee police officers stopped the defendant's car at 4 a.m. because the right corner of the tag was curled over, making the registration decal unreadable.
The stipulation of facts does not include facts that would allow the court to conclude that reasonable officers in a small police department would, in the absence of other suspicions, make a vehicle stop at 4 a.m. for a tag with a corner "curled". The court notes that no tag is readable at night. So the officers' observation that the defendant's decal was illegible is unpersuasive.
The State relies on two statutory provisions to authorize the stop: F.S. 320.0607(1) authorizes inspections of decals but does not abrogate the Florida or U.S. Constitution, or the long-standing legal tradition in Florida that the stop of a moving motor vehicle constitutes a seizure of the occupants and requires a constitutionally recognized exception or a warrant. Florida Statutes require legible tags, but there are no stipulated facts which would suggest this one was not legible.
Because Kehoe v. State, 521 So.2d 1094 (Fla.1988) requires it, it is
ORDERED AND ADJUDGED that the defendant's Motion to Suppress is GRANTED.
We first observe that the trial court's finding that officers stopped the vehicle because *949 the decal was "unreadable" is contrary to the stipulated fact that the officer originally thought the tag contained "no decal" at all. We also observe that there are no facts to suggest that the officer had any "other suspicions." Furthermore, we question whether the trial court was at liberty to reject the stipulated facts that the officer routinely stops cars for tag violations and that it is the policy of the Dundee Police Department to vigorously enforce all traffic laws, including tag violations. See State v. Daniel, 665 So.2d 1040, 1044 n. 2 (Fla.1995) ("a record containing uncontroverted and believable evidence supporting only a single theory means the trial court must accept that theory as fact, even if the theory is based entirely on the arresting officer's testimony").
Nevertheless, even if the trial court had properly determined that the stop was pretextual, we believe that the "reasonable officer" test adopted in Kehoe v. State, 521 So.2d 1094 (Fla.1988), which the trial court was obligated to apply, is no longer controlling. In Whren v. United States, ___ U.S. ___, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the Supreme Court held that the temporary detention of a motorist is valid under the Fourth Amendment where an officer has probable cause to believe the motorist has violated a traffic law, even if a reasonable police officer would not have detained the motorist for such a violation. Pursuant to the 1982 amendment to article I, section 12 of the Florida Constitution, our interpretation of the Fourth Amendment must be consistent with the rulings of the United States Supreme Court. It is undisputed that the Dundee police officer had probable cause to believe the defendant's license tag did not comply with applicable traffic laws. Therefore, applying the rule announced in Whren, the stop was valid regardless of whether the officer also had ulterior motives for the stop.
The trial court's order granting the motion to suppress is reversed and the case remanded for further proceedings.
THREADGILL, C.J., and LAZZARA, J., concur.