PATTERSON, Judge.
The state challenges the trial court’s order granting Sandra Kinnane’s motion to suppress on the ground that the officers’ stop of Kinnane’s car was pretextual. The state argues that the stop for a traffic infraction was valid. We agree and reverse.
On July 1,1994, Officers Parks and Wuzin-ski were conducting a surveillance of Sandra and David Kinnane’s residence on which a search warrant had been issued, but not yet served. The Kinnanes left the residence in a Corvette which was registered to them. The officers radioed to other officers in a marked car to stop the Kinnanes’ car because the car was speeding and because it left the residence described in the search warrant. The officers stopped the car, and as they approached it, they observed the female passenger bending down, making “furtive movements” towards the floorboard. At that time, for their own safety, they asked the passenger and the driver to step out of the car. The officers found an open purse on the floorboard which contained a loaded semiautomatic handgun and a knife. Sandra Kin-nane was arrested and charged with two counts of carrying a concealed weapon.
Kinnane filed a motion to suppress in which she argued that her car was not speeding and that her ear was stopped solely because of the search warrant on her home. The trial court granted Kinnane’s motion on the ground that the stop for speeding was pretextual.
Under Whren v. United States, — U.S. -, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), any temporary detention of a motorist who has committed a traffic violation is permissible, regardless of whether “a reasonable officer” would have made the stop. Officer Parks testified that he ordered the stop of the Kinnanes’ ear because it was speeding. This was sufficient to validate the stop even though the officers also had another reason for making the stop, i.e., they had a search warrant for Kinnane’s residence. See State v. Corvin, 677 So.2d 947 (Fla. 2d DCA 1996) (temporary detention of motorist with im *1089 proper license tag was valid regardless of whether officer also had ulterior motives for stop).
Further, the officers testified that they saw Kinnane making “furtive movements” toward the floorboard of the ear. Thus, they were entitled to search the car for their own safety. See State v. Dilyerd, 467 So.2d 301 (Fla.1985) (search of car justified where passenger made furtive movement reasonably appearing to be attempt to conceal weapon).
For these reasons, we reverse the trial court’s order granting the motion to suppress and remand the case for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.