736 So.2d 726 (1999)
Sedrick EVERETTE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00352.
District Court of Appeal of Florida, Second District.
June 16, 1999.
James Marion Moorman, Public Defender, and Cynthia Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Following the denial of his dispositive motion to suppress, Sedrick Everette appeals *727 from his judgment and sentence for possession of more than 20 grams of marijuana. He contends that the confidential informant's reliability was not established and that the facts known at the time of his arrest did not justify the search of his person. We agree and reverse.
After his arrest for marijuana possession, Mr. Everette moved to suppress the evidence, challenging the confidential informant's reliability as a basis for a finding of probable cause. Detective Donald Bell, Lakeland Police Department, testified that he received information from a confidential informant on February 18, 1997, who told him that (1) Mr. Sedrick would be leaving from a residence off Peachtree, near People's Gas; (2) that Mr. Sedrick would be in possession of a large amount of marijuana; (3) that he would be driving a dark colored Ford Probe with an orange stripe; and (4) he would be traveling off of Reynolds Road. Detective Bell further testified that he had used this confidential informant "numerous times."
Armed with this information, an officer went immediately to the Peachtree area. No vehicle matched the description given by the confidential informant. A second officer was then dispatched to Bartow Road, near Lime Street. Approximately ten minutes later, he observed a dark colored Probe with an orange stripe traveling southbound on Bartow Road. Unfortunately, the officer lost contact with the Probe. Eventually, other officers located a Probe with an orange stripe at an apartment off Reynolds Road. An officer observed Mr. Everette, an African-American, go to the car with an unknown object in his hand. He left the site in the car with another African-American male but was later stopped by police inside the Lakeland city limits. Mr. Everette, the passenger, was removed from the car and frisked because, the officer testified, "weapons go hand in hand with narcotics." During the frisk the officer felt a large bulge in Mr. Everette's right pants pocket and separate individual packages within that bulge. The officer reached in and removed a package that contained 11 small baggies of marijuana.
We must first consider whether the initial stop was within constitutional limits. To determine whether information from a confidential informant gives rise to probable cause a court must look at the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Butler, 655 So.2d 1123 (Fla.1995). Using this analysis, the court must measure the confidential informant's veracity as well as the basis of the C.I.'s knowledge. Veracity can be established by proof that the C.I. has provided reliable information in the past or has provided detailed and verifiable information on the occasion in question.
Although Detective Bell testified that he had used the informant "numerous times," the State failed to elicit evidence that Detective Bell or any other officer had successfully corroborated the C.I.'s report or that events proved that information accurate. Accordingly, there is no record evidence to support a legal conclusion that the C.I. had, in the past, proved to be a reliable source.
A further infirmity derives from lack of detail and corroborating circumstances. See Butler, 655 So.2d at 1131. The record is silent as to the means by which the confidential informant had come by this tip. Due to the short time between tip and arrest, little of the information could be verified-only that a dark colored Probe with an orange stripe was involved. Even that information lacked great detail. The number of occupants, their race, or the vehicle's tag number were not provided, nor was information regarding the packaging, if any, of the alleged large amount of marijuana. The police did not locate the Probe at a residence near Peachtree nor did they observe it traveling on Reynolds Road. Rather, they came upon it parked at an apartment off Reynolds Road. From the record provided, we are unable to ascertain the proximity in distance and travel *728 time of Bartow Road to either location described by the confidential informant, nor can we determine the proximity of the apartment where the Probe was discovered to Reynolds Road. Finally, no witness linked the Probe seen on Bartow Road to the one located at the apartment.
The facts of this case simply do not measure up to others in which this court has upheld a search based upon a confidential informant's specific and detailed tip, such as Vandiver v. State, 23 Fla. L. Weekly D2558, ___ So.2d ___, 1998 WL 919636 (Fla. 2d DCA Nov. 20, 1998). Without specific details not easily accessible to the general public, the confidential informant's reliability can not be established. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Because the reliability and veracity of the confidential informant were not established, his statements failed to establish probable cause for a search incident to an arrest.
We must next consider whether there was another legal basis for the search. A frisk for weapons presupposes a valid stop. See J.K.H. v. State, 659 So.2d 1364 (Fla. 2d DCA 1995). However, neither a crime nor a traffic infraction was committed in the officer's presence. Therefore, the stop cannot be justified on these grounds. See Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).
The State contends the trial court correctly concluded the patdown was justified for officer safety. Of course, the reason officers conduct a patdown is to defuse the risk an armed detainee poses, but their safety concerns must arise from some specific articulable suspicion. See Stalling v. State, 678 So.2d 843 (Fla. 1st DCA 1996). Here, the officer reasoned from a generalized conclusion: where there are drugs, there are also often weapons. There was no testimony that this defendant had been known to possess a weapon in the past or was suspected of possessing a weapon when he was stopped. In Beasley v. State, 604 So.2d 871 (Fla. 2d DCA 1992), this court rejected similar reasoning and concluded that the defendant's presence in a high narcotics area where many people are known to carry weapons did not justify a patdown. Rather, a patdown for weapons is permissible only where the circumstances give rise to a reasonable suspicion that the defendant is armed and dangerous. See Angaran v. State, 681 So.2d 745 (Fla. 2d DCA 1996). The officer's generalized hunch about narcotics and guns did not give rise to the requisite particularized suspicion, and the search was impermissible.
We reverse with instructions to discharge Mr. Everette.
PARKER, C.J., and PATTERSON, J., Concur.