PER CURIAM.
John Chad Palmer appeals his judgments and sentences in two cases following the denial of his dispositive motions to suppress evidence. We reverse the trial court’s decision in case number 97-00999A and affirm the decision in case number 96-04726A.
Mr. Palmer was stopped by a police officer on September 27, 1996, because he was driving a car that had been reported stolen. During a lawful pat-down, the officer felt an object that he believed to be a cocaine pipe. When he asked what it was, Mr. Palmer admitted that it was a cocaine pipe. During an additional search incident to arrest, the officer discovered a small bag of methamphetamine. Mr. Palmer was charged in case number 96-04726A with possession of the methamphetamine and paraphernalia. We affirm the denial *99 of the motion to suppress in this case ■without further discussion.
Sometime in February 1997, Polk County deputy sheriffs received information from a confidential informant that Mr. Palmer was selling methamphetamine from his white Mitsubishi Eclipse. The deputy who received the information could not remember the specific date the informant said he had observed this activity. On February 18, 1997, the officers planned to confirm the confidential information by conducting a controlled buy of one ounce of methamphetamine from Mr. Palmer at a specific location with the assistance of the informant. However, while five deputies were eating dinner at a restaurant about forty-five minutes before the planned transaction, they happened to observe Mr. Palmer driving a white Mitsubishi Eclipse in the parking lot. The restaurant was located at least five miles from the site of the controlled buy. Even though this was not the time or place of the planned transaction, the deputies abandoned their previous plan and immediately arrested Mr. Palmer. A search of the car resulted in the discovery of one gram of methamphetamine in a black case located within a gym bag in the front passenger seat. This led to a second charge of possession of methamphetamine in case number 97-00999A.
Based upon the totality of the circumstances, the limited information the deputies received from the confidential informant did not give rise to sufficient probable cause to arrest Mr. Palmer, on sight, for driving a white Mitsubishi Eclipse. See Everette v. State, 736 So.2d 726 (Fla. 2d DCA 1999); McNeely v. State, 690 So.2d 1337 (Fla. 1st DCA 1997). Accordingly, the trial court erred in denying the motion to suppress in case 97-00999A. We reverse the judgment and sentence.
Mr. Palmer entered a written plea agreement in both cases recognizing that the points on the sentencing scoresheet should not exceed forty. The agreement called for a maximum sentence of nine months in jail and an unspecified term of probation. He received concurrent nine-month sentences in these two cases, suspended in exchange for three years’ probation. Our reversal reduces the score on his sentencing scoresheet for case number 96-04726A from 23.6 to 21.2. Accordingly, it appears that our reversal of case number 97-00999A should not impact on either the plea agreement or the sentence in case number 96-04726A. Thus, we affirm that judgment and sentence.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and GREEN and CASANUEVA, JJ„ Concur.