838 So.2d 1216 (2003)
Corey Tyrone ENICH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2167.
District Court of Appeal of Florida, Third District.
March 5, 2003.
*1217 Bennett H. Brummer, Public Defender, Robert Kalter and Shannon P. McKenna, Assistant Public Defenders, for appellant.
Charles J. Crist, Jr., Attorney General, Michael J. Neimand, Assistant Attorney General, and Alison F. Smith, Certified Legal Intern, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
The defendant, Corey Tyrone Enich, appeals from the denial of a motion to suppress physical evidence. For the reasons that follow, we affirm.
The defendant was charged with carrying a concealed firearm and possession of a firearm or weapon by a convicted delinquent. The defendant filed a motion to suppress the firearm contending that the pat-down search was illegal.
At the suppression hearing, the only witness who testified was Sergeant Reginald Kinchen, the police officer who frisked the defendant. The officer testified that he was working off duty in a known drug area when he was approached by a citizen who told him that drugs were being sold at a certain apartment. When the officer arrived at the apartment building, he saw the defendant sitting on milk crates on the second floor of the building next to the apartment. The officer began to ascend the stairs, but before he could approach, the defendant made a "bee-line" to the end of the hallway where there was debris. When asked to explain what he meant by "bee-line," the officer explained that the defendant "jumped up, and quickly walked to the end of the hallway...." The officer believed that the defendant's actions were "strange."
When the defendant reached the end of the hallway, "he knelt down, and turn[ed] into the garbage, to like conceal himself." The officer testified that he then saw the defendant "crouching under the shirt he was wearing" and "putting stuff down in the hallway." The officer also described the defendant's actions as kneeling down and "concealing something behind the objects there at the end of the hallway." The officer, however, could not see what objects the defendant was concealing.
The officer became "alarmed by [the defendant's] actions," and therefore, asked him to approach. At that time, the officer's intention was "to merely give [the defendant] an explanation of [his] actions." The defendant came out from the end of the hallway, and when the officer asked him his name and other questions, the defendant "started stuttering and shaking all over the place." The officer testified that "at that point, I decided for my own safety, I said to myself, `Let me pat him down before I continue this conversation.'"[1] During cross-examination, the officer further explained that his "suspicions" were raised when the defendant jumped up and began to conceal something, but that he finally decided to pat-down the defendant when he began to shake and stutter.
*1218 When the officer frisked the defendant, he felt an object in the defendant's pocket that felt like a gun. The officer then removed the gun.
At the conclusion of the hearing, the trial court denied the motion to suppress. The defendant pled guilty, reserving his right to appeal the denial of the motion to suppress. This appeal followed.
The defendant contends that the trial court erred by denying his motion to suppress the firearm where the police officer did not have the requisite reasonable suspicion to justify the pat-down search. We disagree.
A pat-down for weapons is justified when a police officer, in light of his experience, has a reasonable suspicion that the detainee is armed and dangerous. § 901.151(5), Fla. Stat. (2001); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Everette v. State, 736 So.2d 726 (Fla. 2d DCA 1999); State v. Clark, 721 So.2d 1202, 1205 (Fla. 3d DCA 1998); Smith v. State, 719 So.2d 1018 (Fla. 3d DCA 1998); Angaran v. State, 681 So.2d 745, 746 (Fla. 2d DCA 1996). When evaluating whether the pat-down search was justified, the totality of the circumstances must be examined.
In the instant case, we recognize that several of the factors taken alone would not justify the pat-down search of the defendant. See Beasley v. State, 604 So.2d 871 (Fla. 2d DCA 1992)(holding that defendant's presence in a "high narcotics area" where "a lot of people are known to carry weapons" insufficient to justify pat-down search); Smith v. State, 735 So.2d 570, 572 (Fla. 2d DCA 1999)(holding that detainee appearing nervous and perspiring, without more, insufficient to justify pat-down search); Kindell v. State, 562 So.2d 422, 423 (Fla. 5th DCA 1990) (holding that involvement in street dealing of small quantities of drugs insufficient to justify pat-down search). However, in the instant case, as explained by the police officer, he decided to pat-down the defendant for his safety based on the totality of the circumstances. First, the police officer was in a high-crime area when he was informed that the defendant was selling drugs. Next, when the officer approached, the defendant made a "beeline" to the end of the hall and began to make suspicious and furtive movements. See Lightbourne v. State, 438 So.2d 380 (Fla.1983)(holding that suspicious or furtive movement can justify pat-down search), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); C.G. v. State, 689 So.2d 1246, 1248 (Fla. 4th DCA 1997) (same); State v. Kinnane, 689 So.2d 1088, 1089 (Fla. 2d DCA 1996) (same). Finally, when the police officer began to ask the defendant questions, the defendant "started stuttering and shaking all over the place." Therefore, based on the totality of the circumstances, as observed by an experienced police officer, the pat-down search for weapons was justified.
Affirmed.
NOTES
[1] The consensual police-citizen encounter between the defendant and Officer Kinchen was transformed into a stop when Officer Kinchen conducted a pat-down search of the defendant. See Hines v. State, 737 So.2d 1182, 1186 (Fla. 1st DCA 1999); Beasley v. State, 604 So.2d 871, 872 (Fla. 2d DCA 1992). In the instant case, the defendant is only challenging the pat-down search.