CASANUEVA, Judge.
Following the denial of his disposi-tive motion to suppress, Donald Highsmith was tried for and convicted of possession of cocaine. He now appeals from his judgment and sentence, contending that the *370 trial court erred in failing to suppress the evidence because the search and seizure were based upon stale and insufficient information from a confidential informant. We agree with Mr. Highsmith and reverse his conviction.
Deputy James Gallon testified that on July 2, 2002, at 10 a.m., a confidential informant contacted the Hillsborough County Sheriffs Office and told him that a black male known on the street as “D” was selling cocaine on Main Street in West Tampa. The suspect was driving a blue Tempo, and he had crack cocaine in his car. The confidential informant made subsequent calls that same day with the same information, but Deputy Gallon never testified to the exact number or times of the calls. The latest possible hour of the last call, however, would have been approximately 4 p.m., when the officers went to roll call.
More than nine hours after the original tip and three hours after the last call, Deputy Gallon responded to the area and located an unoccupied car matching the general description given by the informant. Sometime after that initial sighting, Deputy Gallon saw Mr. Highsmith and another person get into the car and drive off, so the deputy followed the car approximately eight or nine blocks until it stopped. The deputy could see Mr. Highsmith and his passenger, still inside the car, looking down and carrying on a conversation. Although the deputy observed no criminal activity, his car and another unmarked vehicle surrounded Mr. Highsmith’s car. All four deputies then approached the blue Tempo to detain the suspect.
Neither Deputy Gallon, who was acquainted with Mr. Highsmith, nor the other deputies knew the suspect as “D”, yet they immediately asked him to step out of his vehicle. Deputy Viera-Roquemore testified that as soon as the defendant was removed from the vehicle he was placed in handcuffs and was not free to leave. Deputies then searched the car and found crack cocaine on the floorboard near the driver’s seat. Upon Deputy Gallon’s inquiry, Mr. Highsmith admitted that the contraband belonged to him. The exact sequence of all these events is murky, but the deputies apparently agreed and the police report reflects that the defendant was arrested at about 7:30 p.m.
Our review of the record convinces us that the stop and search of Mr. Highsmith’s car were unconstitutional because the stop occurred too long after the deputy’s receipt of an insufficiently detailed tip. In coming to this conclusion we are mindful of the presumption of correctness attached to a trial court’s ruling on a motion to suppress. However, having given deference to the trial court’s findings of historical fact, we are nevertheless charged with independently reviewing the mixed questions of law and fact that determine the constitutionality of the stop and search. Connor v. State, 803 So.2d 598, 608 (Fla.2001). An appellate court has the responsibility “to ensure that the law is applied uniformly in decisions based on similar facts.” Id.
The temporal proximity between the tip, the police response, and the sighting of the suspect is “of crucial significance” to the determination of reasonable suspicion. State v. Augustyn, 490 So.2d 104, 106 (Fla. 2d DCA 1986); see also Palmer v. State, 752 So.2d 98, 99 (Fla. 2d DCA 2000) (finding a lack of probable cause when officers acted on “limited information” received from a confidential informant earlier in the month); Vandiver v. State, 779 So.2d 289, 291 (Fla. 2d DCA 1998) (finding probable cause to stop based on the totality of the circumstances including verification of the tip within ten to fifteen minutes). In Augustyn, 490 So.2d at 104, the defendant’s neighbor informed the police that the defendant had been *371 involved in several burglaries and was using a van, which was described in detail, to move stolen property. Officers immediately responded to the location identified by the informant and stopped the defendant’s van. The court held that the stop was valid, noting that the temporal proximity between the events was of crucial significance. Id. at 106. In this case, unlike the situation in Augustyn, the deputies stopped Mr. Highsmith’s car at least nine hours after the initial tip and three hours after the last tip. Thus, the important temporal connection between the significant events was missing.
Furthermore, the tip in this case was devoid of details. The informant vaguely described the suspect as a black male in a blue Tempo selling crack cocaine at a general location — Main Street in West Tampa. The type of drug involved was the only specific fact that would not have been readily apparent to anyone happening by the area. The confidential informant did not identify the manner in which the transactions occurred or the precise location of the drugs, other than the fact that the suspect possessed some crack cocaine in his car. “D”’s age, build, complexion, or clothing were not described; the car was identified only in generic terms without a license tag number, condition, or approximate year of the model; the location-— Main Street — was never precisely pinpointed by address or intersection; and no particulars of the alleged drug transactions were provided. Furthermore, there was never any verification of the suspect’s street name. After the stop, Deputy Gallon commanded “D” to “get out of the car,” but neither Mr. Highsmith’s behavior nor any other evidence established that the defendant routinely answered to that name. In short, upholding a detention and search based on this tip would authorize law enforcement officers, hours after receipt of the information, to stop any number of blue Tempos being driven by black men in a densely populated area of West Tampa.
The court’s duty is to evaluate the legality of the stop and search from the “totality of circumstances.” State v. Butler, 655 So.2d 1123, 1131 (Fla.1995). Those circumstances include the informant’s credibility, the extent of detail in the tip, and the subsequent corroboration. Id. Here, although the informant’s credibility was subject to attack at the suppression hearing and at trial, we decline to consider that factor in our analysis. But the lack of detail in the tip and the failure of the deputies to corroborate the information in a reasonable amount of time are striking in contrast to the circumstances surrounding the stop and search upheld in Butler. There the informant described the suspect as “a black male, about 5'10" tall, wearing a black jacket, white t-shirt, and blue jeans”; he pinpointed a specific location where the criminal activity was allegedly occurring — “on the sidewalk in front of 726 West Beaver Street”; he recounted the particulars of the type of drug and the manner of its sale — “the described drug seller wrapped cocaine inside rolled-up one-dollar bills and placed them in his pants pocket, ready to sell”; and the officer corroborated the tip “[wjithin fifteen minutes” of its receipt. Id.
In conclusion, we hold that the totality of the circumstances in this case did not, as a matter of law, give rise to reasonable suspicion for the stop or probable cause to arrest the defendant. Accordingly, we reverse Mr. Highsmith’s conviction and remand this cause for the trial court to discharge the defendant.
NORTHCUTT, J., and THREADGILL, EDWARD F., Senior Judge, Concur.