851 So.2d 849 (2003)
Manolo PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4131.
District Court of Appeal of Florida, Second District.
August 8, 2003.
*850 SALCINES, Judge.
Manolo Perez appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Perez alleges two grounds of ineffective assistance of counsel. Because the record does not refute Perez's claims, we have no choice but to send this matter back to the trial court for further proceedings.
In 1998 a jury convicted Perez of trafficking in methamphetamines, more than 200 grams, and the trial court sentenced him to fifteen years in prison. In his motion, Perez claims that his counsel was ineffective in failing to argue the relevant facts and law at a hearing on the motion to suppress the drugs. Perez claims that the drugs were discovered through an illegal search. The trial court denied this claim on the basis that Perez was not prejudiced by counsel's performance because he consented to the search.
According to Perez's motion and the trial court's order, officers received information from a confidential informant that Perez would be in possession of drugs in the parking lot where the officers found him. Perez states that two officers approached him and said they were investigating stolen vehicles in the area. The officers asked for the keys to his truck. Perez was frisked, placed into the back seat of a patrol car, and transported back to his truck, which was approximately 1000 feet away. While Perez was still in the back seat of the patrol car, the officers asked permission to search the truck for the registration. The officers then asked to search the truck for weapons and drugs. Perez consented and the officers found half a pound of methamphetamines in Perez's truck. If the facts alleged by Perez in his motion are true, it appears that this detention was a de facto arrest, and therefore, illegal. See Goss v. State, 744 So.2d 1167 (Fla. 2d DCA 1999).
If the State could not prove by clear and convincing evidence that Perez's consent was not a result of the illegal detention, then the consent was involuntary. See Reynolds v. State, 592 So.2d 1082, 1086 (Fla.1992). Counsel was deficient if he or she failed to argue the facts and law at the hearing. Furthermore, Perez was prejudiced by the deficiency because the motion to suppress was denied, and the drugs were introduced at trial. Therefore, this constitutes ineffective assistance of counsel, and Perez is entitled to an evidentiary hearing unless the record can conclusively refute his claim. See Kennedy v. State, 547 So.2d 912 (Fla.1989). The record does not reveal what arguments or evidence were presented at the suppression hearing because the trial court did not attach the transcript of the hearing to its denial. Therefore, the record that we are required to review does not refute Perez's claim.
We recognize that even if the consent was invalid, the officers may have had probable cause to stop Perez and search the vehicle based on information they received from the confidential informant. See Mitchell v. State, 787 So.2d 224 (Fla. 2d DCA 2001). Therefore, the seizure of the drugs may have been legal on that basis. Id. at 226-28. However, the trial court did not provide any specific facts about the confidential informant in its order nor did it provide any record attachments to support this conclusion. If the trial court determines this is a valid reason to deny the motion, the trial court must *851 support its decision with record attachments.
Perez also claims that he was represented by separate trial counsel who failed to object to the admission of the drugs into evidence, thereby failing to preserve the issue for appellate review. That failure possibly could constitute ineffective assistance of counsel. Jackson v. State, 711 So.2d 1371 (Fla. 4th DCA 1998); Duperier v. State, 568 So.2d 976 (Fla. 4th DCA 1990). It appears that Perez may have been prejudiced by his counsel's failure to preserve the issue for appellate review because the facts alleged demonstrate that the drugs were discovered pursuant to an illegal search and served as the main evidence against Perez at trial. Also, the record attached by the trial court does not refute his claim that his counsel failed to object.
Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing or attach portions of the record which conclusively refute Perez's multiple claims.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.