854 So.2d 737 (2003)
Wayne Anthony OWENS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1799.
District Court of Appeal of Florida, Second District.
August 22, 2003.
*738 James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Wayne Owens appeals his judgment and sentence for possession of cannabis and contends that the trial court erred in denying his motion to suppress. We agree and reverse.
At the suppression hearing in this case, Officer Seal testified that on August 12, 2001, he received information from a confidential informant (C.I.), not an anonymous tipster, that a black man named Wayne was standing in front of 1537 Green Street. The C.I. described Wayne as "five foot five, wearing no shirt and a pair of shorts" and said that Wayne "had marijuana in his pocket and in the front of his pants." Officer Seal went to the location, and Owens was the only person in the area "that was even close to that description." No testimony indicates how long after receiving the tip that Officer Seal located Owens.
Owens was standing in front of the apartments at 1537 Green Street when Officer Seal approached him, said he needed to talk to him about narcotics, and did a pat-down for weapons. Officer Seal felt what appeared to be "ring baggies" of marijuana in Owens' left front pocket. He manipulated Owens' pocket and then retrieved twelve ring baggies of marijuana from the pocket. Officer Seal admitted that he approached Owens based solely on the tip from the C.I.
The State contends that Officer Seal had probable cause to search Owens and seize the marijuana because the information came from a reliable C.I. and the officer's observations confirmed the information, except for the final detail of the possession of marijuana. "To determine whether information from a confidential informant gives rise to probable cause a court must look at the totality of the circumstances." Everette v. State, 736 So.2d 726, 727 (Fla. 2d DCA 1999) (citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and State v. Butler, 655 So.2d 1123 (Fla.1995)). This court explained in Everette that under the totality of the circumstances test, "the court must measure the confidential informant's veracity as well as the basis of the C.I.'s knowledge. Veracity can be established by proof that the C.I. has provided reliable information in the past or has provided detailed and verifiable information on the occasion in question." Id.
Here, Officer Seal gave general testimony that he had used this C.I. in previous cases and that the C.I.'s information was consistent with observations the officer had made. Based on his observations and training with this C.I., Officer Seal considered him to be reliable. No detail was provided as to the number of times the C.I. had given information in the past or whether the information resulted in arrests.
*739 In contrast, in State v. Butler, 655 So.2d 1123 (Fla.1995), the officer had used information from the informant at least twenty times in the past, and sixty to seventy percent of the tips had resulted in felony arrests. Although the informant's tip did not include the precise basis of his knowledge, it contained abundant details rather than innocent facts that a passerby could observe. In addition to describing Butler's height, race, type of clothing, and location, the informant stated that Butler was selling cocaine, it was in his pants pocket, and he delivered it in rolled-up one-dollar bills. The supreme court affirmed the trial court's finding of probable cause based on the established credibility and reliability of the informant, together with the officer's corroboration of the detailed tip within minutes of receiving the tip, save for the ultimate information that Butler possessed cocaine. We note, however, that the Butler court cautioned that "in many instances a tip from an informant, standing alone, will not justify a finding of probable cause for an arrest or search." Id. at 1131.
In Everette, the detective stated that he had used the informant "numerous times," but this court noted that the State failed to establish the informant's reliability because there was no evidence that any officer had corroborated the information or that it was otherwise accurate. Everette, 736 So.2d at 727. In addition, there was no evidence as to the informant's basis of knowledge regarding the possession of large quantities of marijuana, and the officers only verified that a dark-colored Ford Probe with an orange stripe was involved. Thus, the court concluded that "[w]ithout specific details not easily accessible to the general public, the confidential informant's reliability can not be established." Id. at 728.
In Mitchell v. State, 787 So.2d 224 (Fla. 2d DCA 2001), this court held that a confidential informant's tip did not give probable cause to arrest Mitchell. The State failed to prove the informant's reliability when the officer testified that the informant had provided him with information on five prior occasions, but revealed on cross-examination that in those previous cases the informant had acted as an agent in a controlled buy. Thus, Mitchell's case was apparently the first time the informant had supplied a tip. The court determined that the trial court erred as a matter of law in finding the informant reliable without record evidence identifying "past information provided by this C.I., its nature, its value, or the manner in which it was verified." Id. at 227. The court explained, however, that when the State has not established the reliability of the C.I.,
the State may alternatively prove veracity by showing that the information leading to the arrest in the current case was both sufficiently detailed and verifiable. Everette, 736 So.2d at 727. Here, the C.I.'s information lacked sufficient detail. Missing were such facts as the source of the information, the means or methods by which the alleged narcotic transactions were made, and the type of illegal drug being sold. The only verifiable information was the subject's location and clothing, which was readily available because the two subjects were in an open, public place.
As in Everette, the C.I.'s tip lacked specific details not easily accessible to the general public.
Id. at 227-28.
Here, Officer Seal's testimony provides a minimal threshold of reliability in his generalized statement that the C.I. had provided information in other cases, which he corroborated, and that he considered the C.I. reliable. Although this is more *740 information regarding reliability than provided in Everette and Mitchell, it is far less specific than the testimony in Butler regarding the informant's reliability.
In addition, the record provides no evidence as to the C.I.'s basis of knowledge, a relevant factor under the totality of the circumstances test. See Butler, 655 So.2d at 1128. Furthermore, another relevant factor, the temporal proximity between the tip and the officer locating the suspect, was not established in our record. See Highsmith v. State, 843 So.2d 369, 371 (Fla. 2d DCA 2003) (stating that "the important temporal connection between the significant events was missing" when the deputies stopped the defendant's car nine hours after the first tip and three hours after the last tip).
Moreover, the only details that Officer Seal corroborated were innocent details that were easily accessible to the general public. Upon arriving at 1537 Green Street, the officer observed a person standing outside the apartments matching the race, gender, and height described in the tip. The man was wearing shorts and no shirt, as the informant described. The tip did not describe any predicted future activity that the officer could corroborate. The corroboration of innocent details is insufficient, considering the totality of circumstances here, to support a search of Owens.
Based on the minimal testimony regarding reliability, along with the other relevant factors such as no evidence of the C.I.'s basis of knowledge, no evidence of the temporal proximity of the events, and no corroborated facts that would not be known to the general public, we conclude that Officer Seal did not have probable cause based on the C.I.'s tip to search Owens and seize the baggies from his pocket.
The State also contends that Officer Seal properly did a pat-down for weapons and that seizure of the baggies was justified under the "plain feel" doctrine. The officer's testimony, however, does not support a pat-down for officer safety. A pat-down for weapons is permissible only when the officer has a reasonable suspicion that the defendant is armed and dangerous. Everette, 736 So.2d at 728. Officer Seal candidly admitted that he had no information that Owens was armed. The record also fails to indicate that Officer Seal had a particularized suspicion that Owens was armed; thus, the pat-down for weapons was illegal, as was the subsequent seizure of the marijuana.
Therefore, we reverse Owens' judgment and sentence for possession of cannabis and remand with directions to discharge Owens.
Reversed and remanded.
WHATLEY and STRINGER, JJ., Concur.