898 So.2d 198 (2005)
STATE of Florida, Appellant,
v.
Romerio Latee WALKER, Appellee.
No. 2D03-5388.
District Court of Appeal of Florida, Second District.
March 11, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
*199 VILLANTI, Judge.
The State appeals an order granting Romerio Walker's motion to suppress crack cocaine found in his vehicle after police stopped him based on a tip from a confidential informant (CI). We conclude that despite the lack of evidence establishing the CI's record of providing reliable information in the past, the CI provided sufficiently specific and verifiable information on this particular occasion to give rise to probable cause for the police to stop Walker. Accordingly, we reverse.
At the suppression hearing, the State tried, with little success, to establish the CI's reliability with evidence of the CI's past dealings with the police in providing information. It seems that this CI had worked with the police many years ago *200 and had provided tips that led to arrests; more recently  in the month to month and a half before Walker's arrest  the police had begun using the CI again and were working on building a record of his reliability. The State could not provide testimony on how many times the CI had been used recently or whether any of the CI's tips had led to arrests.
With regard to the tip leading to Walker's arrest, however, the State presented more detailed testimony. The officer who stopped Walker testified that about thirty minutes before encountering Walker, the CI had told him that Walker would be driving in the vicinity of a certain intersection in a white Chevrolet Capri with a blue cloth top and that he would have a pill bottle full of crack cocaine in the driver's side door of his car. The CI's tip came from his personal observation.
The arresting officer knew Walker from previous contacts. After receiving the tip, the police drove to the intersection where the CI had predicted Walker would be driving. Walker was indeed in the area, driving the vehicle the CI had described. The police began to follow Walker, and when Walker committed a traffic infraction, they stopped him. The stop occurred as Walker was pulling into a driveway; when Walker opened the door of his car, the police observed the pill bottle in the driver's side door, exactly where the CI had stated it would be. When the police told Walker they were going to search his car, Walker threw his keys into the crowd of people who had gathered nearby and said, "Don't let him search my vehicle." The police wrestled Walker to the ground, arrested him, and searched the car, where they found crack cocaine in the pill bottle. Walker moved to suppress this evidence, and the trial court granted the motion.
Whether information from a CI gives rise to probable cause to stop a defendant depends on the totality of the circumstances. Everette v. State, 736 So.2d 726, 726 (Fla. 2d DCA 1999) (citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and State v. Butler, 655 So.2d 1123 (Fla.1995)). Relevant to the totality of the circumstances are the basis of the CI's knowledge as well as the CI's veracity. Id.; see also Owens v. State, 854 So.2d 737 (Fla. 2d DCA 2003). The CI's veracity can be established by either the CI's prior record of reliability or the wealth of detailed, verifiable information given on the occasion in question. Owens, 854 So.2d at 738 (citing Everette, 736 So.2d at 727). Significantly,
"an informant's `veracity,' `reliability' and `basis of knowledge'" are not "entirely separate and independent requirements to be rigidly exacted in every case;" "[r]ather, . . . they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is `probable cause.'"
Butler, 655 So.2d at 1128 n. 7 (quoting Gates, 462 U.S. at 230, 103 S.Ct. 2317). Accordingly, although a finding of a lack of past reliability is significant to the totality of circumstances, it will not necessarily preclude the existence of probable cause if the other factors  the CI's current basis of knowledge and veracity  are present.
Our reading of the trial court's order convinces us that the trial court suppressed the evidence based solely on the lack of evidence establishing the CI's reliability in past cases. This was error, particularly given that ample evidence supported the CI's current basis of knowledge and veracity. The CI's basis of knowledge came from personal observation. The CI's veracity was established by the abundance of detailed, reliable information included in the tip. The CI stated that Walker (not some unidentified male) would be driving around in a white Chevrolet Capri with a blue cloth top at a certain intersection and *201 that he would have a pill bottle of crack cocaine in the driver's side door of his car. According to police, the CI called with this information about thirty minutes before they saw Walker (whom they knew from previous contacts) driving the vehicle matching the CI's description in the area the CI predicted he would be. This was sufficiently detailed, verifiable information to stop Walker. Compare Butler, 655 So.2d at 1130 (finding an "abundance of overall detail" in CI's tip describing what the defendant would be wearing, his location, and type, location, and manner of distribution of drugs in defendant's possession), with Mitchell v. State, 787 So.2d 224, 227 (Fla. 2d DCA 2001) (concluding CI failed to provided detailed, verifiable information such as "the source of the information, the means or methods by which the alleged narcotic transactions were made, and the type of illegal drug being sold"). The fact that the last incriminating detail (the actual presence of the drugs) could be confirmed only after the stop does not preclude a determination of probable cause. See generally Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).
Accordingly, the totality of circumstances provided probable cause for the police to stop Walker based on the CI's personally observed, detailed, verifiable tip, even though the State's evidence on the CI's reliability in previous cases was lacking. We therefore reverse the order suppressing the crack cocaine found in Walker's car and remand for further proceedings.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.