DAVIS, Judge.
 

 Melinda Ramirez appeals the denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which she alleged eight claims of ineffective assistance of counsel. The postconviction court summarily denied six of Ramirez’s claims and denied the remaining two after an evidentiary hearing. While we reverse the summary denial of claim one, we affirm the denial of the remaining seven claims without comment.
 

 Ramirez was convicted of trafficking in methamphetamine and sentenced to twenty years’ prison with a fifteen-year minimum mandatory. Her charges stemmed from a traffic stop that occurred while she was driving away from Lakeland Square Mall. The investigating officer who testified at trial indicated that he had received a tip from a confidential informant (Cl) that Ramirez would be at the mall in a white car and would be in possession of a one-half-pound bag of methamphetamine. The officer proceeded to the mall and lo-
 
 *829
 
 catecl a white car in the parking lot. He waited in the mall parking lot until he observed a Hispanic female exit the mall and enter the white car. The officer radioed additional officers, who stopped Ramirez on a side street after she had left the mall parking lot. The officers searched the car, and a one-half-pound bag of methamphetamine was found under the driver’s seat.
 

 In her rule 3.850 motion, Ramirez alleged that her trial counsel was ineffective for failing to seek to suppress the drugs and contraband seized, as well as her resulting confession, because the evidence was the result of an illegal stop and a warrantless search. She further claimed that had her counsel sought the suppression, the evidence would have been excluded and she would not have been convicted.
 

 In summarily denying this claim, the postconviction court concluded that Ramirez’s trial counsel was not ineffective, reasoning that even if counsel had filed the motion to suppress, the trial court would have denied it because the officers had probable cause to stop Ramirez and perform the search of the car. The postcon-viction court based this conclusion on its finding that the stop was made in reliance on an anonymous tip that was corroborated by independent police observation. The postconviction court attached portions of the transcripts of the investigating officer’s deposition and trial testimony to demonstrate that the record conclusively refuted Ramirez’s claim. The court also noted that an independent basis for the stop existed because the officers performed a “traffic stop” on Ramirez.
 

 Under
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish ineffectiveness of counsel, a defendant must establish (1) that his or her attorney acted unreasonably according to prevailing professional norms and (2) that the defendant was prejudiced by his or her attorney’s deficient performance. “[0]n an ineffectiveness claim ... [t]he appellate court must defer to the trial court’s findings on factual issues but must review the court’s ultimate conclusions on the deficiency and prejudice prongs de novo.”
 
 Bruno v. State,
 
 807 So.2d 55, 61-62 (Fla.2001). Furthermore, if the postconviction court denies a claim without an evidentiary hearing, it must attach to its order portions of the record that conclusively refute the claim. Fla. R.Crim. P. 3.850(d).
 

 Here, the postconviction court’s attachments do not conclusively refute Ramirez’s claim that counsel was ineffective for failing to file a motion to suppress. As such, the postconviction court erred in summarily denying this claim.
 
 See id.
 

 The investigating officer’s testimony was that the Cl had provided information to the police on two prior occasions but that no arrests had been made based on the information provided. In the instant case, the Cl had advised that he had previously purchased trafficking amounts of methamphetamine from Ramirez. Although the Cl had previously attempted to set up a controlled buy with Ramirez, he had been unsuccessful. The officer testified that on the day of the arrest, the Cl called and advised that Ramirez had possession of a quantity of methamphetamine that she was going to sell and that she was at Lakeland Square Mall driving a white car. The officer testified that he went to the mall parking lot and located a white car. He further testified: “A short time later I observed a Hispanic female approaching the vehicle. The Hispanic female matched the description of Melinda Ramirez.” He then called on other officers to initiate a “traffic stop.” Soon after the other officers stopped Ramirez, the investigating officer arrived and immediately searched
 
 *830
 
 the vehicle, finding the drugs. The officer testified that the vehicle was a rental car and that he did not know in whose name the car had been rented.
 

 The record before us indicates that the police may have had probable cause to stop the vehicle either based on a traffic stop or the Cl’s tip. However, the record does not conclusively show that the stop was a legal traffic stop. Although the attached transcripts do indicate that the officers performed a traffic stop, the record does not identify the basis for the stop. This might suggest that Ramirez committed a traffic violation, but that is not clearly stated. The portion of the record regarding the traffic stop that the postconviction court attached to its order does not conclusively rebut Ramirez’s claim that the stop was illegal. Further, even if a traffic stop was properly executed, there is no indication that the stop gave the officers a basis to conduct a search.
 
 See generally Tinson v. State,
 
 650 So.2d 189, 190 (Fla. 2d DCA 1995) (“[F]ounded suspicion to stop a vehicle does not carry with it authority to search the vehicle or its occupants.”).
 

 Because the record does not conclusively establish that the stop was proper for a traffic violation, if the postconviction court’s summary denial of the claim is to be affirmed, the record must demonstrate that the Cl’s tip, in and of itself, was sufficient to justify the stop and search. A Cl’s tip, along with the corroborating circumstances surrounding it, can provide sufficient probable cause for the police to effectuate a stop and search of a vehicle or person.
 
 See State v. Butler,
 
 655 So.2d 1123, 1131 (Fla.1995);
 
 State v. Walker,
 
 898 So.2d 198, 200 (Fla. 2d DCA 2005). Had Ramirez’s trial counsel challenged the probable cause of the officers to initiate the stop or to conduct the warrantless search, the trial court would have reviewed the motion to suppress to determine whether under “the totality of the circumstances,” which includes the basis of the Cl’s veracity and knowledge, the information provided by the Cl gave rise to the necessary probable cause.
 
 See Walker,
 
 898 So.2d at 200;
 
 Mitchell v. State,
 
 787 So.2d 224, 226 (Fla. 2d DCA 2001).
 

 Accordingly, to summarily deny this claim, the postconvietion court would have been required to find that specific facts in the record establish that the Cl’s tip provided a sufficient basis for the stop and subsequent search.
 
 See Perez v. State,
 
 851 So.2d 849, 850-51 (Fla. 2d DCA 2003) (noting that while officers may have probable cause to stop and search a vehicle based on information provided by a Cl, the postcon-viction court would be required to substantiate the summary denial with specific facts about the Cl and record attachments supporting the determination). Therefore, the record must contain sufficient details to provide a basis for the postconviction court to determine that the trial court would necessarily have denied the motion to suppress.
 

 There is nothing in the instant record to suggest that the trial court would have denied the motion to suppress based on the reliability of this Cl’s past information.
 
 See Mitchell,
 
 787 So.2d at 227. In fact, the only information provided by the record would tend to show that although the Cl had attempted to set up a buy the previous week, he had been unsuccessful and that information supplied by this Cl in other cases had not led to any arrests. Similarly, the record fails to show anything more than general information that could be used to establish “veracity by showing that the information leading to the arrest in the current case was both sufficiently detailed and verifiable.”
 
 Id.
 
 at 227-28 (“[T]he C.I.’s information lacked sufficient detail .... [where] [t]he only verifiable information was ... readily
 
 *831
 
 available because the [defendant was] in an open public place.... Without more evidence suggestive of criminal activity, the very generalized description in this case could apply to many innocent persons.”). Based on the record before us, the only facts that the officer could have relied on to verify the Cl’s tip prior to the stop of Ramirez were that a Hispanic woman would exit the mall and that she would then get into a white car.
 

 Although the officer testified during deposition that Ramirez fit the description of the person referred to by the Cl, the record does not provide any details as to what distinguished Ramirez from any other Hispanic female. The fact that the Cl said that the person would be driving a white car at Lakeland Square Mall is similarly vague considering the size of the mall parking lot and the number of white cars that might be present within the lot at any given time. Additionally, since the white ear was a rental, it does not appear that prior to the stop, the officer was able to verify through vehicle information that the woman was Ramirez.
 

 In other words, the record does not include many of the details that would have to be considered by the postconviction court in order for it to determine whether the totality of the circumstances shows that the trial court would have denied a motion to suppress had counsel filed it. Based on the lack of details included in this record, the postconviction court erred in finding that the record conclusively refutes Ramirez’s claim. We recognize that such details might exist in portions of the record not provided to this court. Furthermore, testimony at an evidentiary hearing on the claim could provide sufficient details to show that, based on a totality of the circumstances, a motion to suppress would have been denied and show that Ramirez’s claim of ineffectiveness is thereby conclusively refuted.
 

 Accordingly, we reverse the summary denial of claim one of Ramirez’s rule 3.850 motion and remand for the postconviction court to either provide additional record support for the summary conclusion that counsel was not ineffective for failing to file a motion to suppress or hold an eviden-tiary hearing on this claim.
 
 See Perez,
 
 851 So.2d at 851.
 

 Affirmed in part, reversed in part, and remanded.
 

 WALLACE and CRENSHAW, JJ., Concur.