SHEPHERD, J.,
concurring in part; dissenting in part.
I concur with the majority in affirming the withhold of adjudication of delinquency with regard to counts 3 and 4, but respectfully dissent with the reversal of counts 1 and 2. I also would affirm the charges of carrying a concealed firearm and possession of a firearm by a minor because in this case, in my opinion, based on the totality of the circumstances, the police officer had sufficient reasonable suspicion to stop and frisk J.H.
As the majority acknowledges, an anonymous tip can provide the basis for an investigatory stop when criminal aspects of the tip are corroborated by independent police investigation. J.L. v. State, 727 So.2d 204 (Fla.1998). Here, the officer received information of a fight taking place at a specific location, involving a male dressed all in black and in possession of a taser. Upon arriving at the specified location, the officer observed a large group of people, but only J.H. was dressed all in black. The officer further noticed J.H. was sweating, attempting to catch his breath, and appeared nervous, all signs giving rise to a reasonable suspicion J.H. had been fighting and was interrupted by the police arrival. These additional onsite observations corroborated the anonymous tip and distinguish this case from those cited by the majority where the tip alone provided the basis for the stop.
*1005 Having established reasonable suspicion to detain J.H., the officer prudently proceeded to pat him down to determine whether J.H. was armed as indicated by the tipster. For his or her own protection or the safety of others, a police officer may conduct a pat-down search for weapons when he or she reasonably believes the detainee may be in possession of a weapon. § 901.151(5), Fla. Stat. (2010); see also United States v. Robinson, 2010 WL 4181736 (E.D.Pa.2010); Enich v. State, 838 So.2d 1216 (Fla. 3d DCA 2003).
For these reasons, I would affirm the trial court’s findings as to Counts 1 and 2 of the petition for adjudication of delinquency.